NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000453
14-FEB-2017
08:13 AM

NO. CAAP-16-0000453

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KURT P. MACCARLEY, Plaintiff-Appellant,
v.
COUNTRYWIDE FINANCIAL CORPORATION, INC.;
COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION, INC.;
LANDSAFE, INC.; LANDSAFE APPRAISAL SERVICES, INC., and
JOSEPH MICHAEL MAGALDI, III, Defendants-Appellees,
and
DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-0339)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Kurt P. MacCarley's (Appellant MacCarley) appeal from the Honorable Greg K. Nakamura's (1) May 9, 2016 interlocutory order denying Appellant MacCarley's August 12, 2015 motion for relief from a July 13, 2015 judgment and (2) July 13, 2015 interlocutory order dismissing Appellant MacCarley's November 25, 2014 second amended complaint, because the July 13, 2015 judgment does not qualify as

an appealable final judgment that resolves all of the claims against all parties in this case, as Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) require for an appeal from a civil circuit court case under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

When a party attempts to assert an appeal from a civil circuit court case, HRS § 641-1(a) and HRCP Rule 58 require that such an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting this requirement of a separate judgment, the Supreme Court of Hawaiʻi noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for

certification under HRCP [Rule] 54(b)." Id. (original emphasis). Therefore, absent an appealable final judgment, the July 13, 2015 interlocutory order dismissing MacCarley's second amended complaint is not eligible for appellate review.

After a circuit court has entered an appealable final judgment that resolves all claims, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although, for the purpose of appealability, a separate judgment is usually necessary under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto, 103 Hawai'i at 158, 80 P.3d at 979.

> Clearly, the rule in Jenkins – to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken – is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Id. at 159, 80 P.3d at 980. For example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted). However, a prior appealable final judgment is a prerequisite for any subsequent order to qualify as an appealable post-judgment order. Consequently, the Supreme Court of Hawai'i recently held that, "[a]bsent an underlying appealable final judgment, the circuit court's rulings on a purported [HRCP] Rule 60(b) motion are interlocutory and not

appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawaii 482, 491, 353 P.3d 1024, 1033 (2015) (citations omitted). Therefore, absent an appealable final judgment, the May 9, 2016 interlocutory order denying Appellant MacCarley's August 12, 2015 motion for relief from a July 13, 2015 judgment is not eligible for appellate review.

On August 8, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000453, which does not contain an appealable final judgment that resolves all claims against all parties. The July 13, 2015 judgment neither dismisses nor enters judgment on Appellant MacCarley's second amended complaint as to Defendant-Joseph Michael Magaldi, III (Appellee Magaldi), apparently because Appellant MacCarley never served the second amended complaint on Appellee Magaldi. Nevertheless, regardless of whether Appellant MacCarley actually served his second amended complaint on Appellee Magaldi, Appellant MacCarley's claims against Appellee Magaldi in the second amended complaint remain pending and unresolved in the underlying case until, for example:

- the circuit court enters a formal order dismissing all of Appellant MacCarley's claims against Appellee Magaldi pursuant to Rule 28 of the Rules of the Circuit Courts of the State of Hawai'i (RCCH), or

- Appellant MacCarley files a formal notice of voluntary dismissal of all his claims against Appellee Magaldi pursuant to HRCP Rule 41(a)(1)(A).

The record does not contain an RCCH Rule 28 dismissal order, an HRCP Rule 41(a)(1)(A) notice of voluntary dismissal as to

-4-

Appellant MacCarley's claims in his second amended complaint against Appellee Magaldi, or any other document resolving these clams. Thus, those claims are still pending in the underlying case. Moreover, even if the circuit court had for example, entered an RCCH Rule 28 dismissal order as to Appellant MacCarley's second amended complaint against Appellee Magaldi, the final judgment would still need to reduce that order to the separate judgment that either enters judgment on or dismisses all claims against all parties, including Appellant MacCarley's second amended complaint as to Appellee Magaldi. Cf. Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) ("Although RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'").

The July 13, 2015 judgment does not either resolve all claims against all parties or contain the finding necessary for certification under HRCP Rule 54(b). In the absence of an appealable final judgment, the May 9, 2016 interlocutory order and the July 13, 2015 interlocutory order are not yet eligible for appellate review, and Appellant MacCarley's appeal is premature. See Bailey v. DuVauchelle, 135 Hawai'i at 491, 353 P.3d at 1033. Appellant McCarley will have an opportunity to seek appellate review of these interlocutory orders in the future by way of a timely appeal from a future appealable final judgment under the principle that "[a]n appeal from a final judgment

-5-

brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

Therefore, IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-16-0000453 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 14, 2017.

Presiding Judge

Associate Judge

Associate Judge